**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

N.P.V. REALTY CORPORATION,
d/b/a Park Place Apartments,

    Plaintiff,

v.                                     Case No. 8:14-CV-03235-T-17MAP

NATIONWIDE MUTUAL ASSURANCE
COMPANY and NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY

    Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Defendants', NATIONWIDE MUTUTAL ASSURANCE COMPANY ("Nationwide Assurance") and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY ("Nationwide Fire") (collectively "Defendants"), Amended Motion to Dismiss, (Doc. 24), filed February 4, 2015, Plaintiff's Response in Opposition, (Doc. 28), filed March 2, 2015, and Defendants' Notice of Supplemental Authority, (Doc. 31), filed March 30, 2015. For the reasons that follow below, Defendants' Motion is **GRANTED**.

## BACKGROUND

On November 30, 2000, Nationwide Mutual issued an all risk property and casualty policy to Plaintiff. (Doc. 2 at 1). Plaintiff renewed the policy twice, with the Nationwide Mutual policy expiring April 1, 2002, and Nationwide Mutual Fire issuing a subsequent policy expiring on April 1, 2003. (Doc. 2 at 1). Plaintiff notified Defendants of its claims on October 28, 2010. (Doc. 2 at 1). Defendants denied the claims in February,

2014. (Doc. 2 at 1). Plaintiff alleges it suffered damage caused by fungus, rot, rain, decay, and termites eating wood, all of which Plaintiff contends is covered under either the "all risk" provision of the policy or the collapse provision of the policy. (Doc. 2 at 2).

Plaintiff alleges that by failing to pay, Defendants breached the insuring agreements. (Doc. 2 at 2). Plaintiff further alleges that as a result of Defendants' denial of the claims, Plaintiff suffered damages, including repair costs, projected and estimated repair costs, relocation expenses incurred during repairs (including temporary housing and storage of household personality), pre-judgement interest, attorney's fees under Section 627.428, Florida Statutes, and post judgement interest. (Doc. 2 at 2).

Defendants move this Court to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), (Doc. 24 at 6), and, alternatively, that the applicable statutes of limitation bar Plaintiff's recovery. (Doc. 24 at 13). In the alternative, Defendants specifically move to dismiss Counts II and III, as the necessary elements do not exist and, consequently, a proper claim for relief is not stated. (Doc. 24 at 14). In response, Plaintiff requests the Court abate rather than dismiss Counts II and III. (Doc. 28 at 5).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) stipulates that a plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." In order for a plaintiff's complaint to survive a Rule 12(b)(6) motion, the complaint must include

sufficient factual material, when accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic v. Twombley, 550 U.S. 544, 570 (2007).

There is a two-prong approach for considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned […] accusation." Ashcroft, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)). Determining the plausibility of a claim is a context-specific task that requires the reviewing court to utilize its own experience and common sense. Twombly, 550 U.S. at 555.

## DISCUSSION

**a. Plaintiff's Complaint Fails to State a Plausible Claim for which Relief May be Granted.**

Defendants move to dismiss arguing first that the Plaintiff has not alleged a plausible claim. (Doc. 24 at 6). Defendants begin by asserting this Court may appropriately consider materials outside of the complaint if they are "central to or referenced in the complaint." La Grasta v. First Union Securites, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Further, Defendants highlight that "[t]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgement if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

Plaintiff responds that when any materials outside of the complaint itself are considered, the motion must be converted into one for summary judgement. (Doc. 28 at 1). Plaintiff supports its proposition by relying on a case which states: "once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment." Christy v. Sheriff of Palm Beach County, Fla., 228 Fed. Appx. 658 (11th Cir. 2008) (quoting Property Management & Investments, Inc. v. Lewis, 752 F.2d 599, 604 (11th Cir. 1985)). Christy however refers to situations where the court references materials that are entirely outside of the pleading, namely in that case a "police report, court documents in other cases, and defenses not raised by the defendants." Christy, 228 Fed. Appx. 658 (11th Cir. 2008). In the present case, however, the materials Defendants urge the Court to consider are ones that are "central to or referenced in the complaint." La Grasta, 358 F.3d 840, 845 (11th Cir. 2004). As the materials attached to the Defendants' motion are in reference to the policies and notice of claim that are central to the Plaintiff's complaint, this Court may appropriately consider the documents to decide the instant motion to dismiss.

Defendants next assert the exhibits attached to its motion to dismiss are in direct conflict with the claims made by Plaintiff in the compliant. (Doc. 24 at 9). Defendants highlight that "[i]t is the law in this Circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'" Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009) (quoting Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007). Further, Defendants state that "[i]f the appended document

… reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." <u>Associated Builders, Inc. v. Alabama Power, Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974).[1]

Defendants assert that both of Plaintiff's claims—that Defendants breached their duties to pay under the collapse "all risk" provisions—contradict the exhibits attached to Defendants' motion to dismiss.  Although given the opportunity, Plaintiff did not dispute the authenticity of the documents attached to Defendants' Motion to Dismiss. Notably, Defendants assert Plaintiff's claim was not covered under the collapse provision as the limited definition of "collapse" in the policy restricts claims to those for damage that occurred as a result of an abrupt falling down. (Doc. 24 at 10). As Plaintiff's notice of claim sent to Defendants clearly indicates that the damage occurred "gradually over a period of time," Plaintiff's admission and undisputed fact makes clear the damages were not the result of an abrupt falling down and, therefore, is not covered by the policy under the "collapse" provision.

Next, Defendants assert that even under the more general "all risk" provision of the Policy, Plaintiff's damages were not covered. (Doc. 24 at 12). Defendants emphasize the damage Plaintiff claims the policy covered, i.e., fungus, rot, rain, decay, and termites, are all explicitly excluded from coverage. (Doc. 24 at 12). Under the "Causes of Loss - Special Form," "B. Exclusions," "(2)(d)(2)," and "(2)(d)(4)," the Policy clearly and unambiguously states Defendants will not pay for loss caused by fungus, decay, or the infestation of insects. (Doc. 3 at 12). Next, under "C. Limitations," "(c)," the policy states Defendants will not pay for loss that is the result of rain. (Doc. 24 at 12).

---

[1] The Fifth Circuit split into the Fifth and Eleventh Circuits on September 30, 1981. In <u>Bonner v. City of Prichard, Ala.</u>, 661 F. 2d 1206, the Eleventh Circuit announced that it would adopt the decisions of the prior Fifth Circuit as its controlling body of law.

These sections of the Policy negate all of Plaintiff's claims with the exception of rot. Rot and decay, however, are frequently interchangeable words; the Florida Supreme Court uses the two interchangeably. Peninsular Tel. Co. v. Dority, 174 So. 446, 450 (Fla. 1937). Moreover, the Supreme Court of the United States has referred to rot as a form of decay. Missouri Pac. R. Co. v. Elmore and Stal, 377 U.S. 134, 149 (1964). Accordingly, Plaintiff's use of the term "rot" cannot survive the explicit exclusions contained in the Policy.

Taking the allegations of Plaintiff as true, as this Court is required to do, but also considering the contradictions between the allegations and the Policy, Plaintiff does not state a plausible claim for which relief can be granted. Crenshaw, 556 F.3d at 1292. Per the terms of the policies that Plaintiff willfully entered into with Defendants, the policies do not cover the damages Plaintiff incurred. Accordingly, Defendants had no obligation to pay on claims for these losses and did not breach contractual agreements by refusing to pay.

**b. Plaintiff's Claims are not Time Barred by the Statute of Limitations or Terms of the Policy.**

Defendants next contend that Plaintiff's complaint should also be dismissed because the statute of limitations and the time limitations of the policy itself bar recovery. (Doc. 24 at 13). Defendants cite Florida Statue Section 95.11(2)(e), which in pertinent part provides that an action for breach of property insurance must be brought within five years from the date of loss. Defendants assert, relying on Plaintiff's complaint, that the latest possible date of loss would have been on April 1, 2003 and as such, the latest date to bring an action for breach of property insurance would have been April 1, 2008. (Doc. 24 at 13).

Plaintiff, however, responds that both the Middle and Southern Districts of Florida have held that amendments to § 95.11 made effective on May 17, 2011 are not to be applied retroactively to policies that were created prior to the amendment. Kelly v. Balboa Insurance Company, 2012 WL 4761905 (M.D. Fla. 2012); West Palm Gardens Villas Condominium Association v. Aspen Specialty Insurance Company, 2012 WL 3017083 (S.D. Fla. 2012); Olear Organization, Inc. v. North Pointe Insurance Company, 2012 WL 5471789 (M.D. Fla. 2012). Plaintiff contends, rather, that the pre-amendment standard, which states that the statute of limitations period is five years from the date of breach, should apply. State Farm Mutual Automobile Ins. Co. v. Lee, 678 So. 2d 818 (Fla. 1996). Using this statute of limitations, Plaintiff asserts that as the alleged breach occurred in February, 2014 when the claim was denied, the statute of limitations would not run until February, 2019. (Doc. 28 at 2). As the weight of authority in Florida suggests the amended statute of limitations does not apply retroactively, it does not apply in this case, as the policy was issued prior to the passage of the amendment. This Court finds, the statute of limitations began to run when the alleged breach occurred in February, 2014.

Defendants next assert the terms of the policy also bar Plaintiff from bringing this claim. (Doc. 24 at 13). Defendants cite Exhibit "Q", which is an excerpt of the Policy that requires any legal action against Defendants to be brought within five years of when the loss occurred. (Doc. 24 at 13). As mentioned above, this would mean the latest possible date to bring a claim was April 1, 2008.

Florida Statute Section 95.03, however, clearly states that "[a]ny provision in a contract fixing the period of time within an action arising out of the contract may be

begun at a time less than that provided by the applicable statute of limitations is void." As the applicable statute of limitations, that being the prior version of § 95.11, would allow recovery until February, 2019, this provision is void. Neither the statute of limitations nor the policy terms bar Plaintiff from recovery.

    **c. Counts II and III Cannot Survive without Count I**

Counts II and III rely on the success of Count I. Plaintiff urges this Court to abate these Counts pending the outcome of Count I. (Doc. 28 at 5). However, if Count I is dismissed, it follows that Counts II and III should be dismissed with it. This Court dismissed Count I for failure to state a plausible cause of action, and, therefore, Counts II and III are necessarily dismissed, and this Court need not address the issue of abatement.

Accordingly, it is **ORDERED** that Counts I, II, and III are **DISMISSED with PREJUDICE**.  The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3d day of June, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:    All Counsel and Parties of Record